# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SCOTT AVERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   JURY TRIAL DEMANDED |
| | ) |
| NATIONAL CREDIT ADJUSTERS, LLC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, SCOTT AVERY, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, NATIONAL CREDIT ADJUSTERS, LLC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   SCOTT AVERY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Maryland Heights, County of Saint Louis, State of Missouri.

1

5. The debt that Plaintiff was allegedly obligated to pay was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure (hereinafter "the debt").

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. NATIONAL CREDIT ADJUSTERS, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is registered as a limited liability company in the State of Kansas.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

13. In or prior to May 2011, Defendant attempted to collect the debt from Plaintiff.

14. In or prior to May 2011, Plaintiff informed Defendant that he would try to send in voluntarily payments to Defendant on a monthly basis.

15. In or prior to May 2011, no payment agreement was entered into between the parties with respect to the amount of payments Plaintiff would make to Defendant.

16. From May 2011 through January 2012, Plaintiff made voluntarily monthly payments to Defendant relative to the debt.

17. From May 2011 through January 2012, Defendant accepted the voluntarily monthly payments Plaintiff made to Defendant relative to the debt.

18. Plaintiff did not make a monthly payment to Defendant in February 2012.

19. From May 2011 through February 2012, Defendant did not communicate with Plaintiff to inform Plaintiff that the voluntarily payments Plaintiff was making to Defendant would no longer be accepted.

20. From May 2011 through February 2012, Defendant did not communicate with Plaintiff to inform Plaintiff that he had to increase the amount of his voluntarily payments to Defendant.

21. On March 1, 2012, Plaintiff made a voluntarily monthly payment to Defendant.

22. In March 2012, subsequent to Plaintiff having made the voluntarily payment to Defendant on March 1, 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the debt.

23. Defendant then engaged in a telephone conversation with Plaintiff wherein Defendant told Plaintiff his account was under review.

24. Plaintiff responded to Defendant by stating that he had been making voluntarily payments to Defendant that had been accepted by Defendant since May 2011.

25. Defendant's duly authorized representative then told Plaintiff he had to speak to a manger at Defendant.

26. Plaintiff then spoke to a duly authorized representative of Defendant who identified herself as a manager at Defendant.

27. Plaintiff informed Defendant that he would continue to make voluntarily payments to Defendant.

28. Defendant told Plaintiff that it would then hold his account for review.

29. In March 2012, subsequent to Plaintiff having engaged in the aforesaid telephone conversation with Defendant, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt.

30. Plaintiff then engaged in a telephone conversation with the same duly authorized representative of Defendant who previously informed Plaintiff that it would hold his account for review.

31. Defendant told Plaintiff that his account was now under review.

32. Defendant's previous representation that it would hold Plaintiff's account for review was false, deceptive and/or misleading given that within the same month after making the aforesaid representation Defendant informed Plaintiff that his account was now under review.

33. Defendant then told Plaintiff that he had to increase the amount of his monthly payments to Defendant.

34. Defendant told Plaintiff he had to pay $50.00 a month to Defendant relative to the debt.

4

35. Plaintiff responded by informing Defendant that he could not afford to make monthly payments in the amount of $50.00.

36. Plaintiff told Defendant that he would be able to continue making voluntarily monthly payments to Defendant as he had been doing since May 2011.

37. Defendant responded by informing Plaintiff that he was not paying Defendant enough each month.

38. Defendant then told Plaintiff "I am putting you down as a refusal to pay."

39. At no time during the course of the aforesaid telephone conversation did Plaintiff inform Defendant that he refused to pay the debt.

40. Plaintiff then informed Defendant that he was not refusing to pay the debt and Plaintiff reiterated to Defendant that he would continue to make voluntarily monthly payments to Defendant.

41. Defendant's duly authorized representative then told Plaintiff that since he was refusing to pay he would end up being responsible to pay for all of Defendant's court fees.

42. Defendant's representation to Plaintiff that it would mark his account as a "refusal to pay" had the effect of conveying to an unsophisticated consumer that Defendant would refer the debt on which it was attempting to collect to the original creditor so that the original creditor would take additional collection actions against Plaintiff, such as filing a lawsuit against Plaintiff.

43. Defendant's representation to Plaintiff that it would refer the debt on which it was attempting to collect to the original creditor had the effect of conveying to an unsophisticated consumer that the original creditor would proceed with initiating a lawsuit against Plaintiff relative to the debt he allegedly owed.

44. Defendant's representation to Plaintiff that he would be responsible for paying Defendant's court fees, further, had the effect of conveying to an unsophisticated consumer that a lawsuit would be filed against Plaintiff relative to the debt on which Defendant was attempting to collect.

45. Defendant's statement that it would mark Plaintiff's account as "refusal to pay" was neither a statement made in an effort to seek payment from Plaintiff nor a statement made to further the collection efforts of Defendant.

46. Defendant's representation that it would mark Plaintiff's account as "refusal to pay" was a threat made by Defendant to report false credit information about Plaintiff to the original creditor relative to Plaintiff's intent to pay the debt given that Plaintiff did not refuse to the pay the debt on which Defendant was attempting to collect.

47. The natural consequence of Defendant's statement to Plaintiff, as delineated above, was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

48. The natural consequence of Defendant's statement was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

49. The natural consequence of Defendant's statement was to cause Plaintiff mental distress.

50. To date, the original creditor has not filed a lawsuit against Plaintiff for the debt he allegedly owed.

51. To date, Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

52. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

53. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

54. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

55. In April 2012, Plaintiff made a voluntarily payment to Defendant relative to the debt in an amount less than $50.00.

56. In April 2012, Defendant accepted the voluntarily payment from Plaintiff.

57. Defendant's representation to Plaintiff, in March 2012, that he had to make payments to Defendant in an amount of $50.00 a month was false, deceptive and/or misleading given that Defendant was still willing to accept a voluntarily payment from Plaintiff in an amount less than $50.00.

58. Defendant's conduct in representing to Plaintiff, in March 2012, that he had to make payments to Defendant in an amount of $50.00 was unfair and/or unconscionable given that Defendant was still willing to accept a voluntarily payment from Plaintiff in an amount less than $50.00.

59. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to

        communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

60. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

61. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SCOTT AVERY, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                              Respectfully submitted,
                              **SCOTT AVERY**

                          By:   <u>s/ David M. Marco</u>
                                Attorney for Plaintiff

<u>Dated: May 21, 2012</u>

David M. Marco (Atty. No.: 6273315IL)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:         dmarco@smithlaw.us

Case: 4:12-cv-00931-HEA   Doc. #:  1   Filed: 05/21/12   Page: 9 of 9 PageID #: 9